UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GEORGE NIMER MARTHA,  No. C 04-2489 SI (pr)

   Petitioner,  **ORDER OF DISMISSAL**

  v.

SCOTT KERNAN, warden,

   Respondent.
            /

  George Nimer Martha, a California prisoner, filed this action for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss the petition as unexhausted and Martha has opposed the motion. The court concludes that the petition is unexhausted and therefore must be dismissed.

  Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement first exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b),(c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3 (1981). The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "'the initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" Picard v. Connor, 404 U.S. 270, 275 (1971) (citations omitted). A federal district court must dismiss a habeas petition containing claims as to which state remedies have not been exhausted. See Rose v. Lundy, 455 U.S. at 522.

Martha filed a petition for review in the California Supreme Court after his conviction was affirmed by the California Court of Appeal but the petition did not contain any of the claims he now raises in his federal petition. His petition for review (filed <u>in pro per</u>) consisted of three pages (i.e., a cover sheet, one page of text, and a proof of service page), did not identify a single claim for relief, stated that "Petitioner respectfully is requesting a Petition for Review" and identified the California Court of Appeal case number. <u>See</u> Resp. Exh. 2. That petition did not fairly present <u>any</u> claim to the California Supreme Court. The petition for review did not satisfy the exhaustion requirement because it did not alert the California Supreme Court to the fact that Martha asserted claims under the U.S. Constitution. <u>See</u> <u>Duncan v. Henry</u>, 513 U.S. 364, 365-66 (1995); <u>see also</u> <u>Baldwin v. Reese</u>, 541 U.S. 27, 30-32 (2004) (where state petitioner did not claim specifically in brief presented to state supreme court that appellate counsel's performance violated federal law, claim was not fairly presented even though that court had the opportunity to read lower court opinions which could have shown the claim was cast in federal terms).

California does have a procedure for filing abbreviated petitions for review to satisfy the exhaustion requirement, <u>see</u> Cal. Rule of Court 33.3, but Martha's petition for review cannot be construed as such a petition. Specifically, contrary to the rule's requirements, Martha's petition (1) was not labeled as a "Petition For Review to Exhaust State Remedies," (2) did not include the necessary statement that the case presented no ground for review under rule 28(b) and was filed solely to exhaust, (3) did not include the necessary "brief statement of the underlying proceedings, including the nature of the conviction and the punishment imposed" and (4) did not include the necessary "brief statement of the factual and legal bases of the claim." Cal. Rule Ct. 33.3(b). Even when filed by an unrepresented litigant, a document that does not cite the rule and meets none of the requirements of the rule cannot be construed to be filed under that rule.

The arguments Martha makes in his opposition to the motion to dismiss are wholly unpersuasive. The fact that the California Supreme Court denied review does not matter if the federal claims were not presented to that court. The fact that the California Supreme Court denied review "en banc" has no relevance either. The California Supreme Court's one-sentence denial of

2

Martha's petition simply does not address the critical issue here, i.e., determining what claims were presented to the court.

The petition must be dismissed because it has no claims as to which state court remedies have been exhausted. The action cannot be stayed while Martha exhausts his state court remedies because the petition does not contain any exhausted claims. Martha is urged to <u>act swiftly</u> to exhaust his state court remedies (by, e.g., presenting the claims in a petition for writ of habeas corpus to the California Supreme Court) and immediately file a new federal habeas petition after he receives a decision from that court. There is a critical one-year statute of limitations on the filing of federal habeas petitions, <u>see</u> 28 U.S.C. § 2244(d), that may bar some or all of Martha's claims when he returns to federal court, especially if he does not do so swiftly.

Respondent's motion to dismiss is GRANTED. (Docket # 56.) The action is dismissed because Martha did not exhaust state court remedies before filing his federal petition for writ of habeas corpus. The clerk shall close the file. Because this action is now closed, when Martha files his new federal habeas petition, he should <u>not</u> use the case number for this action and instead should file the petition as a new action, i.e., he should send the petition to the court without a case number and the court will assign it a new case number when the petition is filed.

In light of the dismissal of this action, petitioner's "addendum motion, motion for default judgment, and request to be placed in federal custody are DENIED as moot. (Docket # 47, # 57, and # 59.) If Martha wants to complain about the conditions of confinement at Mule Creeks State Prison, he must do so in a civil rights complaint filed in the Eastern District of California.

IT IS SO ORDERED.

DATED: June _20_, 2005                                          S/Susan Illston
                                                                SUSAN ILLSTON
                                                                United States District Judge